**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CATHADDEUS NORRIS,

      Petitioner,

v.                            CASE NO:  8:05-CV-2084-JSM-MSS

WALTER A. MCNEIL,[1]

      Respondent.

_____/

# ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. 1, 6).  Petitioner is challenging his 2000 convictions for the possession and sale of cocaine entered by the Sixth Judicial Circuit, Pinellas County, Florida.  The Court has considered the petition, Respondents' response (Dkt. 10) and Petitioner's reply (Dkt. 14).  Upon review, the Court determines that the petition must be denied because it fails to meet the requirements of 28 U.S.C. §2254(d) and (e).

## BACKGROUND

Petitioner was charged with two counts each of the sale and possession of cocaine (Dkt. 1).  On July 19, 2000, Petitioner was adjudicated guilty after a jury trial (Dkt. 12, Ex.

---

[1] Walter A. McNeil, the Secretary of the Florida Department of Corrections, is substituted as the proper party respondent for James McDonough, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

1).  He received a sentence of twenty years in prison for each count of the sale of cocaine as an habitual offender and five years for each count of possession, all to be served concurrently.  *Id.*  Petitioner then filed a direct appeal on the grounds the trial court (1) allowed testimony from a police officer that the Petitioner had admitted to selling cocaine in the past and (2) denied a motion to strike the venire after a prosecutorial comment on Petitioner's right to remain silent (Dkt. 12, Ex. 2).  The state district court affirmed the trial court's decision on July 20, 2001, without a written opinion (Dkt. 12, Ex. 7).  The Petitioner did not seek certiorari review in the Supreme Court.

On November 19, 2001, Petitioner filed a *pro se* motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850 (Dkt. 12, Ex. 9).  The Petitioner amended his motion, filing his final amendment on October 18, 2002 (Dkt. 12, Ex.10).  His amended motion alleged denial of due process, an illegal sentence, and various grounds for ineffective assistance of counsel (Dkt. 12, Ex. 9, 10).  The trial court denied the motion in part and ordered evidentiary proceedings regarding two of his claims (Dkt. 12, Ex.13).  While his motion was pending, Petitioner filed a petition for a writ of habeas corpus in the state appellate court claiming ineffective assistance of appellate counsel, and the court dismissed the petition as untimely on September 4, 2003 (Dkt. 12, Ex. 14, 15).  After a hearing, the court denied his Rule 3.850 motion (Dkt. 12, Ex. 17).  Petitioner appealed the decision, which was affirmed by the state district court without written opinion on May 25, 2005 (Dkt. 12, Ex. 22).

Petitioner filed his federal habeas petition on November 14, 2005, raising two grounds to challenge his conviction and sentence (Dkt. 1).  On January 31, 2006, the Court ordered

Petitioner to amend his petition to correct the omission of his signature required by Fed. R.

Civ. P. 11 (Dkt. 5).  He filed a signed amended petition on February 23, 2006, raising the

following five grounds:

1.      The trial court erred by admitting a detective's testimony that Petitioner had admitted to selling cocaine in the past.

2.      The trial court erred by denying his motion to strike the venire because the prosecutor explained to the potential jurors that the Petitioner had a right to remain silent.

3.      Trial counsel's failure to object to jury instructions deprived him of effective assistance of counsel.

4.      The trial court erred by failing to instruct the jury that knowledge of the illicit nature of the cocaine is an element of the crimes of sale and possession of cocaine.

5.      Appellate counsel's failure to raise the issue of improper jury instruction on appeal deprived him of effective assistance of counsel.

## STANDARD OF REVIEW

Because Petitioner's conviction was entered after the enactment of the Anti-Terrorism

and Effective Death Penalty Act of 1996 (AEDPA), his petition is subject to the provisions

thereof.  When a federal court is asked to review a criminal conviction from state court, 28

U.S.C. § 2254 places a heavy burden upon the petitioner.  Habeas relief may not be granted

with respect to a claim adjudicated on the merits in state court unless the adjudication of the

claim resulted in a decision that:

(1)     was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or

(2)     was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362 (2000).

In *Williams v. Taylor*, 529 U.S. 362, the Supreme Court held:

Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Additionally, federal habeas relief is available under the "unreasonable application" standard only if the state court's application of clearly established federal law was "objectively unreasonable." *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001).

In a proceeding under the second standard (an unreasonable determination of the facts), a state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact. *McBride v. Sharpe*, 25 F.3d 962, 971 (11th Cir. 1994).

## DISCUSSION

This Court has reviewed the state courts' decisions and determines that they are not contrary to or based on an unreasonable application of clearly established federal law to the facts of the case. *See* 28 U.S.C. §2254(d); *Williams*, 529 U.S. at 362. Thus, the petition fails

to merit habeas relief.

First, the Petitioner contends that the trial court erred by allowing Detective Squitieri to testify that the Petitioner had admitted to selling cocaine in the past because he claims it was a comment on past crimes.  The trial court judge determined that the testimony was relevant and admissible (Dkt. 12, Ex. 24 at 125-26).  Petitioner raised this issue on direct appeal, and the appellate court affirmed the judgment.  Generally, the admissibility of evidence is not appropriate for federal habeas review, because "a federal court is limited to determining whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).  Evidentiary rules are the province of the state court, and the federal court is not to second-guess the judgment of the state court in matters of state law.  *Id.* at 67.  Such is the case here.  Thus, ground one is denied.[2]

The Petitioner's second claim is that the trial court erred in denying his motion to strike the venire after a comment by the prosecutor that Petitioner contends was an impermissible comment on his right to remain silent.  During jury selection, the prosecutor began, "One of the rights that Mr. Norris has in our criminal justice system is he has a right to remain silent and not use that as --."  Defense counsel then objected.  The trial court sustained the objection, but also found that the comment was not prejudicial (Dkt. 12, Ex. 24 at 59-60).  While due process precludes prosecutorial comment on post-*Miranda* silence

---

[2] Further, the evidentiary ruling was correct.  The State is required to prove knowledge and an admission of past sales is both relevant to that issue and is against the interest of the declarant.

as evidence of substantive guilt or for impeachment, such comment can be harmless error. *See United States v. Whitaker*, 592 F.2d 826, 830 (5th Cir. 1979). A violation of a defendant's right to remain silent is harmless error if it had no "substantial and injurious effect or influence in determining the jury's verdict." *United States v. Miller*, 255 F.3d 1282, 1285-86 (11th Cir. 2001) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)).

Here, the prosecutor simply commented that the defendant had a right to remain silent without saying that the defendant had or would exercise it. He did not ask the jury to draw a negative inference from the defendant's silence, but even if the comment was impermissible, it would amount to a harmless error. *See id.* (noting that the Eleventh Circuit has often found a single comment on a defendant's silence to be harmless when the evidence is otherwise overwhelming, especially when the prosecutor make no further attempt to "highlight" it). The Petitioner was convicted in the face of substantial evidence of his guilt, including testimony of a detective and a reliable confidential informant that the defendant had sold cocaine on the times charged. Additionally, the court instructed the jury that the State had the burden of proof and that they should not be influenced in any way by the defendant's exercise of his fundamental right not to testify. Therefore, any error was harmless, and the Petitioner's claim is without merit.

Petitioner's remaining claims concern the absence of a jury instruction that knowledge of the illicit nature of the cocaine was a necessary element to find the Petitioner guilty of sale and possession. The third ground for relief raised by the Petitioner is a claim for ineffective assistance of counsel for trial counsel's failure to request the jury instruction. The state court,

in Petitioner's Rule 3.850 motion, properly applied the *Strickland* standard[3] and determined that Petitioner failed to meet the prejudice prong because the jury instruction was not relevant to his strategy of defense and knowledge could be inferred from the circumstances. First, Petitioner's defense was a misidentification defense--that he was not the one selling the cocaine. This defense would have been undermined by a contention that he was selling the substance, but didn't know it was cocaine. Second, the sale was a hand to hand sale, and the buyer testified that he went to the Petitioner's house and asked to buy cocaine. This Court agrees with the trial court that Petitioner was not prejudiced.

If a petitioner fails to meet either prong of the *Strickland* two-part test, the claim can be denied without consideration of the other prong. *Strickland v. Washington*, 466 U.S. 668, 691 (1984). The decision of the trial court was affirmed by the state appellate court without written opinion. The Eleventh Circuit has held that even decisions without written opinion are entitled to the same deference as if the appellate court had entered written findings to support its decision. *Wright v. Sec. of Dept. of Corr.*, 278 F.3d 1245 (11th Cir. 2002). Because the state court has not been shown to have unreasonably applied federal law, ground three is denied.

---

[3] To establish a *prima facie* claim of ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient, and that the deficient performance prejudiced the Petitioner. *Strickland v. Washington*, 466 U.S. 668, 684 (1984). The Petitioner's case is prejudiced when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The *Strickland* standard defines the proper measure of attorney performance as "reasonable under prevailing professional norms," but counsel is "strongly presumed" to have rendered adequate assistance. *Id.* at 688, 690.

In ground four, Petitioner contends that the trial court erred by failing to offer the specific knowledge instruction to the jury.  Petitioner raised this claim in the amendment to his Rule 3.850 motion.  Though the trial court did not specifically address the claim, the order issued by the trial court makes it clear that the Petitioner's amendments were before the court.  The Court concludes, therefore, that the trial court denied this claim without explication.  *See Wright v. Sec. of Dept. of Corrs.*, 278 F.3d 1245, 1255 (11th Cir. 2002) ("The statutory language [of § 2254(d)] focuses on the result, not on the reasoning that led to the result, and nothing in that language requires the state court adjudication that has resulted in a decision to be accompanied by an opinion that explains the state court's rationale" (citation omitted)); *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (rejecting habeas petitioner's argument that the failure of the court to make specific record references or to discuss the issues specifically is indicative of a failure to conduct the appropriate review of his claims, the Circuit Court held that "the Court will 'assume that the district court did its statutorily commanded duty in the absence of evidence to contrary'" (citation omitted)).  Finally, compliance of jury instructions to state law is a matter for state courts.  It is not appropriate for habeas review by a federal court as long as the instructions do not violate due process.  *Estelle*, 502 U.S. at 72.  Ground four is denied.

The final ground raised by the Petitioner is ineffective assistance of counsel due to his appellate counsel's failure to raise the issue of jury instruction, discussed supra, upon appeal. Petitioner raised this claim in his state habeas petition, which the state court dismissed as untimely.  Federal habeas review of a claim procedurally defaulted "pursuant to an adequate

and independent state procedural rule" is barred unless a petitioner demonstrates cause and prejudice or a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 724. Petitioner has made no showing that his claim fits one of these exceptions. Further, Petitoner was not prejudiced since this issue would not have succeeded upon appeal--it would not have changed the outcome of the appeal--for the reasons stated above. Thus, ground five is denied.

## CONCLUSION

For the reasons set forth above, all of Petitioner's claims are without merit and will therefore be denied.

It is therefore ORDERED AND ADJUDGED that:

1.    The petition for writ of habeas corpus (Dkt. 6) is DENIED.

2.    The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on July 3, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record
*S:\Even\2005\05-cv-2084.norris.wpd*